Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (i)]), defendant contends that the evidence is legally insufficient to establish that he was intoxicated. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the testimony of the Sheriff's deputies concerning defendant's reckless driving, physical condition, and inability to complete field sobriety tests, together with the inference that the refusal by defendant to take a chemical test demonstrated consciousness of guilt (*see People v Schuh*, 4 AD3d 751, 752 [2004], *lv denied* 2 NY3d 806 [2004]), is legally sufficient to establish that defendant operated his vehicle while intoxicated (*see People v Shank*, 26 AD3d 812, 813-814 [2006]). We further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON PERKINS, JR., Appellant. (Appeal No. 1.) [869 NYS2d 846]—

Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON PERKINS, Appellant. (Appeal No. 2.) [869 NYS2d 846]—

 Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANIQUE TAYLOR, Appellant. [869 NYS2d 710]—

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, 16 counts of burglary in the third degree (Penal Law § 140.20). Defendant failed to preserve for our review his contention that County Court erred in failing to instruct the jury that a prosecution witness was an accomplice to the burglaries (*see People v Smith-Merced*, 50 AD3d 259 [2008], *lv denied* 10 NY3d 939 [2008]; *People v Weeks*, 15 AD3d 845, 846 [2005], *lv denied* 4 NY3d 892 [2005]). In any event, that contention is without merit. The testimony of the prosecution witness in question did not implicate her as a person who participated in the burglaries (*see* CPL 60.22 [2] [a]) and, although defendant's testimony conflicted with that testimony, the jury was entitled to credit the testimony of the prosecution witness over that of defendant (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant further contends that the court erred in denying his motion seeking to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial (*see* CPL 30.30 [1]). We reject that contention. The record establishes that the People properly announced their readiness for trial by providing the court with a statement of readiness contemporaneously with the filing of the indictment and then promptly